PHILIP LEVINE v. LAZAR KLURE.

Decided April 17, 1924.

**Liens—Attorneys—Act of 1914—Settlement of Matter Between Client and the Other Party was Known to Attorney.**

On rule to show cause why plaintiff's lien for compensation should not be enforced.

For the plaintiff, *M. Joseph Greenblatt.*

For the defendant, *Frank Kotok.*

The opinion of the court was delivered by

CAMPBELL, J.   Plaintiff seeks to have enforced a lien for compensation for services to plaintiff amounting to $61.95 as against the defendant under the act entitled "An act to give any attorney, counselor-at-law or solicitor in Chancery a lien upon any cause of action, verdict, report, decision, decree, award or final judgment." *Pamph. L.* 1914, *ch.* 201.

The amount is not in dispute or contested as being unreasonable.

From the proofs before me I am not satisfied that the settlement of the action took place without the knowledge and consent of plaintiff's attorney.  If, with the consent of the attorney, then I take it he may not have the benefit of the provisions of the act.  *Ferraro* v. *City Hall Garage,* 94 *N. J. L.* 209.  Certainly not, unless he acts so promptly as to find defendant with sufficient amount of the settlement in hand and unpaid to plaintiff from which the amount for services for which the lien is impressed may be paid.

And if the settlement in question was arrived at and settled upon without the knowledge and consent of the attorney of the plaintiff, still the proofs show that plaintiff's attorney had knowledge thereof a sufficient time before final payment to have moved and impressed his lien before final payment.

This was not done, and in that respect he was in laches, and for that reason must be denied the relief he seeks.

The rule to show cause will be discharged, with costs.